UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDWARD KIM,

                                 Plaintiff,

                -against-                                  No. 12 Civ. 3214

NYLA CAFE, LLC d/b/a SPITZER'S CORNER,      **PLAINTIFF'S INITIAL**
ROBERT SHAMLIAN, DAVID MOON, and             **DISCLOSURES**
SUNG PARK,

                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Edward Kim, by and through his undersigned attorneys, provide the following initial disclosures in connection with the above-captioned action.

      These initial disclosures are based on information reasonably available to Plaintiff at this time and are made without prejudice to the production during discovery or at trial of such data, information, or documents as are subsequently discovered, generated, determined to be relevant, or determined to have been omitted from these disclosures. Plaintiff reserves the right to amend or supplement these initial disclosures.

      By making these initial disclosures, Plaintiff does not waive, and expressly reserves, all applicable objections to the use or production of any of the information or documents referenced herein, including, without limitation, objections based on the attorney-client privilege, the work product doctrine, any other applicable privilege, and the law governing discovery and the admission of evidence. By referring to documents in these initial disclosures, Plaintiff makes no representations or admissions concerning the relevance, authenticity, or admissibility of any information, document, or category of documents identified herein. In addition, the designation of documents by category does not constitute a representation that all documents within the

scope of that category are within Plaintiff's possession, custody or control.  Plaintiff expressly reserves the right to object on any basis to any discovery requests propounded by defendants, including, without limitation, relevancy, overbreadth, and burden.

**1. Rule 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following persons are likely to have discoverable information that Plaintiff may use to support their claims:

| Name | Address and Telephone Number (if known) | Subject |
|---|---|---|
| Edward Kim | c/o Plaintiff's counsel | All claims |
| Defendants Robert Shamlian, David Moon, and Sung Park | c/o Defendant's counsel<br>Michael Vollbrecht, Esq.<br>Gordon & Rees LLP<br>90 Broad Street, 23rd Fl.<br>New York, NY 10004<br>(212) 269-5500 | All claims |

In addition to the foregoing individuals, other individuals or entities may have discoverable information the Plaintiff may use to support their claims, including:

- Defendants' accountants, auditors, or other persons who prepared any of their financial, payroll or tax records,

- Persons identified in Defendants' disclosures, financial, accounting, tax, payroll, and other records,

- Defendants' current or former employees, and

- Defendants' bookkeepers and other persons with knowledge of Defendants' employment, payment, and financial practices.

**2. Rule 26(a)(1)(A)(ii):  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party**

2

**has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information reasonably available at this time, Plaintiff identifies the following categories of documents in their possession, custody, or control that may be used to support their claims:

- Copies of several of Plaintiff's paystubs
- Copies of Defendant NYLA Cafe, LLC Year 2010 W-2 issued to Plaintiff

The documents referenced above are all located at the office of Plaintiff's counsel.

**3. Rule 26(a)(1)(A)(iii):  A computation of each category of damages claimed by the disclosing party—who must also make available and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff' investigation in this action is still in its early stages.  At this juncture, based upon the information available to Plaintiff, he estimates he is owed $72,847 in compensatory and liquidated damages, plus attorneys' fees, costs, and pre- and post-judgment interest.  Subject to these limitations, Plaintiff provide the following calculation methodology.

**Compensatory Damages:**  Compensatory damages encompass amounts owed to Plaintiff since the date he was hired and through the date of his termination, due to violations of the Fair Labor Standards Act and New York state labor laws with respect to minimum wage, overtime pay and spread-of-hours pay.  29 U.S.C. §§ 201 et seq.; N.Y. Lab. Law §§ 650 et seq.  Damages due as a result of violation of minimum wage obligations will be calculated by determining the difference between the amount of base pay paid to Plaintiff and the applicable minimum wage.  Plaintiff's weeks and hours of employment will be considered.  Damages due as a result of overtime violations will be calculated by determining the number of hours per week that each Plaintiff worked over 40 hours and the applicable overtime rate.  Damages due as a

result of spread-of-hours violations will be calculated by determining the number of days on which each Plaintiff worked a spread of more than ten hours and the applicable minimum wage. Plaintiff reserve the right to amend the amount sought as information is obtained by Plaintiff through the discovery process.

**Liquidated Damages:**  Liquidated damages, on top of the compensatory and back pay damages, will be based on the 100% damage provision under the Fair Labor Standards Act and/or the 100% damage provision under New York state labor law.  29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663.  Plaintiff reserves the right to amend the amount sought as information is obtained by Plaintiff through the discovery process.

**Plaintiff's Attorneys' Fees and Costs Incurred in Pursuing this Action:** Attorneys' fees and costs are being incurred on an ongoing basis and Plaintiff are presently unable to state the amount of this claim.

**Pre-judgment and Post-judgment Interest at the Highest Lawful Rate:** The amount of pre-judgment interest is accruing on an ongoing basis and Plaintiff is presently unable to state the amount of this claim.  Post-judgment interest will not begin to accrue until after a judgment is obtained, and Plaintiff is presently unable to state the amount of this claim.

**Other Damages:** Plaintiff reserves the right to seek other damages in this action.

**4. Rule 26(a)(1)(A)(iv):  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no knowledge at this time of any relevant insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment, or reimburse for payments made to satisfy a judgment, in this action.

Dated:  June 14, 2012

By:     *s/*
               _____
               Shirley Lin, Esq.
               Kenneth Kimerling, Esq.
               Asian American Legal Defense and Education Fund
               99 Hudson Street, 12th Floor
               New York, NY 10013
               212-966-5932 x. 220 (t); 212-966-4303 (f)

               *Attorneys for Plaintiff*

To:    Michael Vollbrecht, Esq.
       Gordon & Rees LLP
       90 Broad Street, 23rd Fl.
       New York, NY 10004
       (212) 269-5500 (t)

       *Attorney for Defendants*